E-FILED

Monday, day, 11 September, August, 2006 02:20:20 PM

Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

RECEIVED

AUG 3 0 2006

JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Dorothy J. Egenberger
_____
**Name under which you were convicted**

04965-030
_____
**Prison Number**

Docket No. _____ 06-1225 _____
**(To be supplied by Clerk)**

---

## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. §2241
## BY A PERSON IN FEDERAL CUSTODY

---

Dorothy J. Egenberger _____, Petitioner
**Name under which you were convicted**

vs.

Federal Bureau of Prisons _____, Respondent
**Name of Warden, Superintendent, Jailor, or
authorized person having custody of petitioner**

---

(This form is **not** to be used if petitioner claims that his federal sentence itself is unlawful. If a petitioner wishes to attack his federal sentence, he or she should file a motion under 28 U.S.C. §2255 to vacate, set aside or correct sentence in the federal court which entered judgment.)

## PETITION FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN FEDERAL CUSTODY

### INSTRUCTIONS -- READ CAREFULLY

1) This petition must be readable, either handwritten or typewritten on 8½" x 11" paper, signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form. No notary is required.

2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3) Upon receipt of a fee of $5.00, your petition will be filed.

4) If you do not have the necessary filing fee, you may request permission to proceed **in forma pauperis**. Two (2) request forms are included. You must sign, date and answer all questions clearly and concisely, setting forth information regarding your inability to prepay costs and fees. Additionally, you must have an authorized officer of the institution complete the trust account certificate. The original should be filed with your petition, the other copy is for your records.

5) When the petition is complete, mail the **original and three (3) copies** along with the five ($5.00) dollar filing fee or request to proceed in forma pauperis to: John M. Waters, Clerk of the Court, United States District Court, Central District of Illinois, 100 N.E. Monroe St., Room 135, Peoria, IL 61602.

6) Petitions which do not conform to these instructions may be returned with a notation as to the deficiency.

### PETITION

### I.    GENERAL INFORMATION

A.    Place of confinement: Pekin Federal Prison Camp

B.    Petitioner's institutional address: FPC Pekin, P.O. Box 5000, Pekin, IL 61555 c/o Dorothy Egenberger #04965-030

C.    If you are in custody under a conviction and sentence, complete the following:

1.    Nature of offense: Misuse of social security number

2.    Name and location of Court which imposed sentence: Southern District of Iowa, 123 East Walnut Street, Sed Moines, IA 50309 Judge James E. Gritzner

- 2 -

3. Case or docket number: _____ 04-025 _____

4. Date of conviction: __ November 3, 2004 _____

5. Date of sentence: ___ March 3, 2005 _____

6. Length of sentence: _____ 30 Months _____

7. Did you appeal the conviction? Yes (XX) No ( )

    a. First appeal:
       Court: Eighth Circuit Court of Appeals
       Grounds: Sentenced over the guideline range.
       _____

       Result: Affirmed the judgement of the District Court
       Date: Filed September 23, 2005

    b. Second appeal:
       Court:_____
       Grounds:_____
       _____
       Result:_____
       Date:_____

8. Have you challenged the sentence in any other post conviction proceeding?
    Yes ( ) No (XX)

       Court:_____
       Grounds:_____
       _____
       Result:_____
       Date:_____

D. If you have not been convicted, complete the following:

1. Nature of charge(s): _____
   _____
   _____

2. Name and location of court(s) in which charge(s) is/are pending:
   _____
   _____
   _____

3.    Case number(s): _____

4.    Date of your arrest or confinement: _____

## II.    SUBJECT OF THIS PETITION

A.    Indicate the **type** of decision or action which you are challenging:

_____ Denial of parole
_____ Revocation of parole
_____ Disciplinary matter
_____ Revocation of good time credits
_____ Detainer
__XX__ Other (describe briefly the type of decision or action involved):
      Pursuant to Federal R. Crim. P. 36, the Court has the authority
      to correct the judgment entered against the defendant. The
      Attorney General possesses the sole authority to make credit
      determination pursuant 18 U.S.C. § 3585 (b). I am entitled to
      time served in State Custody.

B.    Who made the decision or took the action? __Bureau of Prisons__

C.    Date of decision or action? __8/14/06__

D.    Was there a hearing of any kind?   Yes ( )   No (XX)

1.    First Hearing
      Date:_____
      Location: _____
      Conducted by:_____
      Result:_____
      _____

2.    Second Hearing
      Date:_____
      Location: _____
      Conducted by:_____
      Result:_____
      _____

E.    Were you represented by counselor by a staff representative at any hearing?
      Yes ( )   No (XX)

      If yes, give name and address: _____
      _____

## III.    PREVIOUS APPEALS/ADMINISTRATIVE REMEDY PROCEDURES

A.    If your claim concerns a **parole** matter (for example, denial, modification, or
      revocation of parole), complete the following:

- 4 -

1.     Did you appeal the decision to the Regional Commissioner?
          Yes ( ) No ( )

    a.    Date of filing appeal_____
    b.    Grounds raised:_____

    _____
    _____

    c.    Result and date:_____

    _____
    _____

2.     Did you appeal the decision to the National Appeals Board/U.S. Parole
       Commission?   Yes ( ) No ( )

    a.    Date of filing appeal_____
    b.    Grounds raised:_____

    _____
    _____

    c.    Result and date:_____

    _____
    _____

B.    If your claim concerns something other than parole, (for example, a disciplinary
      matter), complete the following about the administrative remedy procedures. (See
      C.F.R. §542.10.)

    1.    Did you attempt to resolve your complaint informally?
             Yes (XX) No ( )

    2.    Did you file a formal complaint?   Yes (XX) No ( )

    3.    Did you appeal to the Warden?   Yes (XX) No ( )

    4.    Did you appeal to the Regional Commissioner?  Yes (XX) No ( )

    5.    Did you appeal to the General Counsel?   Yes (XX) No ( )

    6.    If you did not use the Administrative Remedy Procedure, explain why you
          did not do so. _____

    _____
    _____
    _____

C.    Attach copies of your incident report or parole rationale (where appropriate), your
      request(s) for an administrative remedy and the response(s) you received.  If you
      cannot do so, explain why not. _____

    See Attached _____

D.    Have you filed any previous lawsuit(s) related to your present claim?
Yes ( ) No (X)

1.    Name and location of Court:_____
2.    Date of filing:_____
3.    Case number:_____
4.    Nature of suit:_____
5.    Grounds raised:_____

_____
6.    Result and Date:_____

_____

## IV.    GROUNDS FOR RELIEF

State concisely every ground on which you claim that you are being held unlawfully.
Summarize briefly the facts supporting each ground. It is not necessary to cite cases of
law in this petition. However, if you wish to cite cases or law, you should do so in a
separate memorandum or brief. If necessary, you may attach extra page(s) of facts
supporting your grounds for relief.

A.    Ground One:  I have exhausted all my administrative remedies and still am told
that the Buruea is not afforded the authority to modify the sentence imposed by the Court.5G1.3(b)
permits the Court to make adjustments for time spent in detention which would not be awarded
towards the Federal Sentence._____

Supporting **FACTS** (tell your story briefly without citing cases or law).

_____
_____
_____
_____
_____
_____
_____
_____

B.    Ground Two:   Defendants federal sentence was, in part, based upon her
background, which included the undischarged sentence._____

Supporting **FACTS** (tell your story briefly without citing cases or law).

_____
_____
_____
_____
_____
_____
_____
_____

C.    Ground Three: Ms. Egenberger was serving an undischarged term of
imprisonment in connection with a state conviction when the defendant

Supporting **FACTS** (tell your story briefly without citing cases or law).
committed the instant federal offense and when the defendant was
sentenced for the federal offense.

D. Ground Four:

U.S.C. section 5G1.3(b0 mandates credit of undischarged

Supporting **FACTS** (tell your story briefly without citing cases or law).
sentences.  Section 5G1.3(b) provides pertinent part, "If the
undischarged term of imprisonment resulted from offenses that have
been taken into account in the determination of the offense level for
the instant offense shall be imposed to run concurrently to the
discharged term of imprisonment".

## V.    REQUEST FOR RELIEF

State here exactly what you want the court to do for you.

I would like the court to correct judgment to reflect the uncredited
jail time, 197 days, while I was being held before sentencing.

## VI.    DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, declare (or certify, verify, or state) under penalty of perjury, that I am
the petitioner in the above action, that I have read the above petition and that the information
contained therein is true and correct.  28 U.S.C. §1746; 18 U.S.C. §1621.

Signed this _26_ day of _Aug._____, 2006

_____
Signature of Petitioner

- 7 -

DOROTHY JEAN EGENBERGER, 04965-030
PEKIN FCI      UNT: NEBRASKA      QTR: F03-314L
P.O. BOX 7000
PEKIN,  IL 61555

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attach–ments must be submitted with this appeal.

From: Egenberger, Dorothy J.        #04965-030        Nebraska    FPC - Pekin
      LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A—REASON FOR APPEAL**

On May 4, 2006 I submitted a new packet to the Regional Office which contain-ed a letter explaining that I had forgotten to include my response to the BP-9 in my original BP-10 request sent in on April 2, 2006.

It is my understanding that Region's response denying my request was based on the fact I did not have the correct documents attached (BP-9).

I am appealing this response to you, per the administrative remedies. I feel I am entitled to my 197 days of imprisonment 12/13/04 - 8/03/05 to be credit-ed toward my existing sentence. I would appreciate it if you would review my attachments #1, #2, #3 and #4 along with the bp's that I have already submit-ted. I was revoked on April 8, 2005 by the State of Iowa and sentenced by a Federal Judge on March 3, 2005. I was in Federal Custody and should have this imprisonment time credited against my existing sentence, per the Program Statement 5880.28, Sentence Computation Manual and U.S.C 3585 (b). Please see the attached exhibits for verification. Thank you for your consideration.

May 24, 2006
DATE

_Dorothy J. Egenberger_
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED
JUN - 2 2006
Administrative Remedy Section

_____        GENERAL COUNSEL
DATE

ORIGINAL: RETURN TO INMATE        CASE NUMBER: 406904-A1

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____        _____
DATE        SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL        BP–231(13)
USP LVN        APRIL 1982

**Administrative Remedy No. 406904-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy
Appeal in which you contend your sentence computation is
incorrect.  A review of your original Request for Administrative
Remedy, ID number 406904-F1, reveals that the issue raised was
the application of prior custody credit.  The issue presented at
this level concerns your contention that the Bureau of Prisons
should adjust your federal term of imprisonment, for time spent
in state custody, pursuant to the United States Sentencing
Guidelines (U.S.S.G.) § 5G1.3(b).

The outcome you are requesting at each level is to reduce your
projected release date by the amount of time you were serving
your state sentence, these are two separate issues.  However,
because your request and appeal contend that your sentence
computation is incorrect we will address the merits of each of
these issues as they relate to your computation.  First, the
institution found, and we agree, that the period of time from
December 15, 2004, up to June 29, 2005, was applied to your state
parole violator term.  Therefore, pursuant to 18 U.S.C. §
3585(b), this time can not also be applied to your federal
sentence.  As to your contention that we should adjust your
federal term of imprisonment, pursuant to the U.S.S.G. §
5G1.3(b); the Bureau is not afforded the authority to modify the
sentence imposed by the court.  5G1.3(b) permits the court to
make an adjustment or a downward departure for time spent in
detention which would not be awarded towards the federal sentence
by the Bureau of Prisons under 18 U.S.C. § 3585(b).  In your case
there is no indication that the court invoked 5G1.3., in fact
the court did the contrary.  As explained in the Statement of
Reasons the court found, pursuant to U.S.S.G. § 2B1.1(b)(1)(C),
reason to add four levels.  The Court also "... found the
sentencing guideline range to be inadequate to address the
lengthy and consistent record of like criminal activity" and
"[p]rior sanctions have been wholly ineffective in deterring
[you]."  In light of the above we find that your sentence has
been computed as directed by case law, federal statute and
Program Statement 5880.28, <u>Sentence Computation Manual~CCCA</u>.

Your appeal is denied.


_AUG 14, 2006_
Date

_Harrell Watts, Administrator_
National Inmate Appeals

RECEIPT - ADMINISTRATIVE REMEDY

DATE: JUNE 8, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : DOROTHY JEAN EGENBERGER, 04965-030
        PEKIN FCI    UNT: NEBRASKA   QTR: F03-314L

THIS ACKNOWLEDGES THE RECEIPT OF THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW:

REMEDY ID        : 406904-A1
DATE RECEIVED    : JUNE 2, 2006
RESPONSE DUE     : JULY 12, 2006
SUBJECT 1        : OTHER JAIL TIME CREDIT
SUBJECT 2        :
INCIDENT RPT NO:

*314*

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: AUGUST 8, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : DOROTHY JEAN EGENBERGER, 04965-030
      PEKIN FCI    UNT: NEBRASKA    QTR: F03-314L

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID      : 406904-A1
DATE RECEIVED  : JUNE 2, 2006
RESPONSE DUE   : AUGUST 1, 2006
SUBJECT 1      : OTHER JAIL TIME CREDIT
SUBJECT 2      :
INCIDENT RPT NO:

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: **Egenberger, Dorothy J.**        **04965-030**        **Nebraska**        **FPC Pekin**
          LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A—REASON FOR APPEAL**

The commentary to 5G1.3 makes it clear that: [when a sentence is imposed pursuant to 5G1.3 (b), the court should adjust for any term of imprisonment already served as a result of the conduct taken into account in determining the sentence for the instant offense. <u>U.S. v. French 46F.3d 710 (8th Cir.1995)</u>

If... the <u>undischarged term</u> of imprisonment resulted from offenses that have <u>been fully taken into account</u> in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

1) Ms. Egenberger was subject to an "undischarged term of imprisonment" in connection with the State conviction. 2) the state court conviction <u>was part of the same relevant conduct</u> as the charged conduct for which Ms. Egenberger was sentenced. (see e.g. Sentencing Transcripts Page 12); lines 3 & 4, it states: For the amount of loss purposes " that Count 6 be calculated, but we do believe it to be <u>relevant conduct.</u> Count 6 of the indictment relates to the "undischarged term of imprisonment", and even though it was later dropped it was

 April 2, 2006                                    *Dorothy Egenberger*
          DATE                                    SIGNATURE OF REQUESTER

---

**Part B—RESPONSE**

✱

---

          DATE                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

                                              CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____
                                    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

fully taken into account in determining the offense level.

Respectfully Submitted,

Dorothy Egenberger

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

---

**Admin Remedy Number**: 406904-R1

---

This is in response to your Regional Administrative Remedy Appeal dated April 2, 2006, wherein you request that your federal term of imprisonment be adjusted pursuant to U.S.S.G § 5G1.3(b) for time spent in state custody for relevant conduct.

We have reviewed your appeal and find you have not presented this particular issue for response at the institution level.

Based on the above information, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

4/30/06
Date

Michael K. Nalley, Regional Director

May 4, 2006

To:

U.S. Department of Justice
Federal Bureau of Prisons
North Central Regional Office

Admin Remedy Number 406904-R1

Michael K. Nalley, Regional Director

re: Regional Administrative Remedy Appeal

Dear Sir,

In the submission of my Administrative Remedy Appeal to your office, I neglected
to attach the necessary copies of my BP-DIR-8, 9, and 10.

Because I am unclear as to whether or not to appeal at this time to the Office
of General Counsel, I am resubmitting this appeal to your office.

I apologize for any inconvenience that this may have caused to your office.

Sincerely,

Dorothy J. Egenberger
Reg# 04965-030
Federal Prison Camp
P.O. Box 5000
Pekin, Il 61555-5000

cc:
Office of General Counsel
Federal Bureau of Prisons
320 First Street N.W.
Washington, D.C. 20534

DEPARTMENT OF JUSTICE                                    **REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Egenberger, Dorothy J.                04965-030              Nebraska              FPC Pekin

LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.              UNIT              INSTITUTION

**Part A– INMATE REQUEST**

      In October (28) of 2004, I was convicted following a plea of guilty, of Misuse of a Social Security Number and Fraud in Connection with Identity Documents, under 18 U.S.C. §1028 (a) (7) and 42 U.S.C. § 408 (a) (7) (B).

      On March 3, 2005, the Court sentenced me to a term of imprisonment of 30 Months. Case No. (4:04-cr-00025-JEG). The Attorney General through the BOP, possesses the sole authority to make credit determinations pursuant to 18 U.S.C. § 3585 (b). I am entitled to time served in State custody (197 days) from December 13, 2004, (upon revocation of my State Parole), until August 3, 2005. While on Parole by the State a Federal Detainer was lodged against me on December 22, 2004. On August 3, 2005, I was released (Final Release of Safekeeper) to Federal Authorities.

March 13, 2006
_____                    _____
DATE                                                SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____                    _____
DATE                                                WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                      CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                                 CASE NUMBER: ___406904-FI___

**Part C– RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

DATE                                        RECIPIENT'S SIGNATURE (STAFF MEMBER)                BP-229(13)

Part B - Response
Administrative Remedy #406904-F1

This is in response to your Request for Administrative Remedy wherein you allege you should receive additional jail credit for time spent in state custody.

An investigation into this matter reveals on December 13, 2004, you were arrested by Polk County Sheriff's Department on parole violation on numerous state cases. You were placed in the Polk County Jail in state primary custody. On December 15, 2004, you were transported to Iowa Department of Corrections to await your parole revocation hearing. On March 3, 2005, the United States Marshals "borrowed" you via a federal writ of habeas corpus so you could be sentenced in the Southern District of Iowa for case #04-025. You were then returned to Mitchellville Correctional Facility, with a federal detainer due to being a primary state custody inmate. On April 8, 2005, your parole was revoked with the state of Iowa and the credit you received was from December 15, 2004, until you paroled on June 29, 2005, to the U. S. M. detainer. This is also the date your federal sentence begins. Per Program Statement 5880.28, Sentence Computation Manual and 18 U.S.C. 3585 (b), "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences, (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." While you were in the United States Marshals' custody, you were in service of the State of ~~Illinois~~ Iowa sentence, therefore, cannot receive this credit toward your federal sentence.

Based on the above, your request for relief is denied. If you are not satisfied with this response, you may appeal on the appropriate form to the Regional Director within twenty days of the date of this response.

_____
R. V. Veach, Warden

_____3.29.06_____
Date

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: 8-14-05 |
|---|---|
| ISM. ANGIE DAVIS OR TAMMY GILLARD | |
| FROM: EGENBERGER, Dorothy | REGISTER NO.: 04965-030 |
| WORK ASSIGNMENT: | UNIT: NEB |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I WAS NOT CREDITED all My time Served.
Could you Please Check this.
                    TIME INCARCERATED + where -
6-30-04 - Polk County Jail - DSM. IA. 6th + Mulberry.
11-03-04 - "    "    "        128 DAYS
12-13-04 till 12-14-04 JAIL Polk Co.    }
12-14-04 OAKDALE CLASSAFICATION OAKDALE, IA  } 9 DAYS
12-22-04 Mitchellville PRISON, MitchellVille IA  } 217 DAYS
8/3-05
8-3- till 8-17- LeavenWorth, Ks      14 DAYS

(Do not write below this line)

DISPOSITION:

6-30-2004 to 11-03-2004 = You received that Credit.

12-13-2004 to 12-14-2004 = You received that credit also

From 12-15-2004 until 06-29-2005
was in Service of Your State Sentence
w/ Iowa DOC and Your Federal
Sentence started on 06-29-2005.

Any Questions Please
Contact me.

| Signature Staff Member | Date 9-19-05 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

RECEIVED SEP 16 2005

## BEFORE THE BOARD OF PAROLE OF THE STATE OF IOWA

IN THE MATTER OF THE PAROLE OF    )    NOTIFICATION OF REVOCATION OF
                                )    PAROLE FOR CONVICTION AND
Dorothy Egenberger PAROLEE #00/8873 )    SENTENCE FOR A NEW FELONY
                                )    WHILE ON PAROLE AND
INSTITUTION ___I C I W___    )    COMMITMENT ORDER
                                )    FE 188950

Now on this ___8th___ day of ___April___, 2005 this matter comes on for Review before the undersigned Administrative Parole Judge.

### FINDINGS OF FACT

After reviewing the file, the Administrative Parole Judge finds:

1. The facts contained in the attached Exhibit #1, Judgment and Sentence Order, dated ___3-3-05___ are correct and are adopted by the Administrative Parole Judge.
2. That the Parolee violated condition C of the Parole agreement by being convicted and sentenced for a new Felony offense while on parole, as evidenced by the attached Exhibit #1.

### CONCLUSIONS OF LAW AND DISPOSITION

1. It is therefore ordered that the Parolee's parole is revoked and that the Parolee be committed to the Iowa Medical and Classification Center at Oakdale to serve as much of the remainder of the Parolee's sentence as the Parole Board shall hereafter determine and Parolee's Bond is exonerated.
2. It is further ordered that any Parole Officer, any Sheriff or Peace Officer of the State of Iowa be and is hereby authorized and directed to commit said Parolee whenever and wherever found, and hold said Parolee for the return to the Iowa Medical and Classification Center by the Correctional Transportation Officer.
3. It is further ordered that the Parolee's parole is revoked as of the date of commission of the new felony offense which was ___5-12-03___, and that the date of incarceration at the Iowa Medical and Classification Center or other State Institution was ___12-15-04___. The parolee shall lose the time between the above dates and shall receive credit for any jail time served in the State of Iowa. The parolee shall not receive credit for any time served in another State (Code Section 903A.5).

IF YOU WISH TO APPEAL THIS DECISION, PLEASE SEND A WRITTEN APPEAL TO PAROLE REVOCATION APPEALS, BOARD OF PAROLE, HOLMES MURPHY BLDG., 420 WATSON POWELL JR. WAY, DES MOINES, IOWA 50309, WITHIN 10 DAYS OF DATE OF THIS ORDER.

Richard S. Bordwell
Administrative Parole Judge

Copies:    Parolee
           Parole Officer ✓
           Institution

CLERK DISTRICT COURT
05 APR 14 AM 11: 10
APR 05 (1705)
POLK COUNTY IA
FILED

PEK 1330.7
9-15-94
Attachment 1

## FEDERAL CORRECTIONAL INSTITUTION
## PEKIN, ILLINOIS

### INMATE ATTEMPT AT INFORMAL RESOLUTION

**********************************************************************

In accordance to Bureau of Prisons Program Statement 1330.11, <u>Administrative Remedy for Inmates</u>, any inmates attempting to seek formal review of a complaint must first attempt to resolve the complaint by presenting it to a staff member. The staff member must attempt to resolve the matter prior to the issuance of a Request for Administrative Remedy (BP-9) to the inmate.

**********************************************************************

1. Briefly explain the nature of your complaint. You must include all pertinent details and facts that support your case.

*I WAS Being Held on A State Revocation Charge From 12-13-04 until 6-29-05. My Hearing WAS Schedule For 3-16-05. My Probation Officer dropped the charges. A Hearing Was Never Heard. A Detainer (Federal) WAS placed on me in January 05 I would Like my Good time Coming. I WAS Never Drought up On A State charge. My Counselor At Mitchellville SAID I WAS Doing →*

(margin: *Mitchellville Prison*)

2. What action do you wish to be taken to resolve this matter?

*Check my records at Mitchellville. I WAS there 9½ months. I Left In Federal Custody on 8-03-05 to Leavenworth*

(margin: *you can talk →*)

*to my Attorney JOHN MESSINA - 515-3099610/*

*Dorothy Egenberger  04965030  NE  10-2-05*

Inmate Name & Reg. No.    Unit    Date

**********************************************************************

3. The staff member attempting to resolve this matter will indicate below the steps taken and will return this to the inmate.

*Per Iowa DOC your Parol was Revocated, please see attached.*

_____

(signature) Civil  10/27/05

Staff Member's Name & Title    Date

Federal Time. To my State time I would of had to be revoked And charge, I feel this Should count on my Federal time. I was told that Anything you are held on A Federal Detainer, it was Federal time. I Also spoke to A MAN (MR. JOHNSON) From BOP on 4-18-05 and was told that the time I was doing there was ALL Federal. My Probation officer - Judy Ginn.

PAROLE Judge Tweedt - For the State. IA PAROLE BOARD.

515
3099640    Jim Whalen My Attorney - Federal.

I've Been Incarcerated Since 6-29-04. Please Help me get this Straighten out. thanks So Much For your time.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a true copy of the foregoing instrument was served upon the Parole Officer and the Inmate herein named by placing a copy of the same with postage paid, addressed to the parties at their address of record noted herein, in the U.S. Mail at the Board of Parole Office, Des Moines, Iowa this _8th_ day of _April_ , 2005.

Karen K. Myers

RECEIVED
APR 11 05
FIFTH DISTRICT
DEP. OF CORR SERVICES

CLERK DISTRICT COURT
05 APR 14 AM 11: 10
FILED
POLK COUNTY IA.

PR 05A-02 (1/05)