## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

```
DOROTHY EGENBERGER,            )
                               )
        Petitioner,            )
                               )
    v.                         )     Case No. 06-1225
                               )
FEDERAL BUREAU OF PRISONS,     )
                               )
        Respondent.            )
```

### O R D E R

The matter presently before the Court is Dorothy Egenberger's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In her petition, Egenberger asserts she is entitled to 197 days jail time credit for time she served on a state parole revocation charge prior to being sentenced on her federal charge. She argues that this adjustment is warranted under U.S.S.G. § 5G1.3(b). Section 5G1.3(b) states:

> If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
> (1) The court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) The sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

Prior to this habeas action, Petitioner sought administrative

relief from the Bureau of Prisons pursuant to 18 U.S.C. § 3585(b) which was denied. The Bureau of Prisons determined that she had already received credit against the state parole violation term of imprisonment for the time she spent in custody chargeable to her federal offense. The exhibits attached to Petitioner's habeas petition support this determination. Additionally, the Bureau of Prisons correctly found that the sentencing court and not the Bureau of Prisons was empowered under U.S.S.G. § 5G1.3(b) to make an adjustment in Petitioner's federal sentence for time spent in state custody that would not be "credited to the federal sentence by the Bureau of Prisons."

In essence, Egenberger's argument before this Court is that the sentencing court misapplied the Sentencing Guidelines. Such an argument is not permitted in this type of petition. See Short v. Revell, 152 Fed. Appx. 542, 545 (7th Cir. 2005) (unpublished order) (contention that district court misapplied § 5G1.3(b) concerns the imposition, not the execution, of a federal sentence and falls outside the scope of § 2241; finding this "argument would be problematic in any collateral forum because claims premised on the sentencing guidelines generally must be raised on direct appeal if at all.")

IT IS THEREFORE ORDERED that Dorothy Egenberger's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DENIED.

CASE TERMINATED.

ENTERED this  5th  day of October, 2006.

                                                s/Joe Billy McDade
                                                    JOE BILLY McDADE
                                      United States District Judge